## Durga *v.* Williams et al., Appellants.

*Workmen's Compensation—Injury to course of employment—Evidence—Sufficiency.*

In a claim under the Workmen's Compensation Law, an award is properly made, where the evidence established that the deceased had lifted a very heavy scoop during the hours of his employment, and later died of a strain caused by the heavy lifting.

In such case, an opinion by a doctor that the death was caused by the heavy lifting, is sufficient to support a finding that the employee's death resulted from injury received in the course of his employment.

Vorbnoff *v.* Mesta Machine Co. 286 Pa. 199, followed.

Argued October 6, 1926. Appeal No. 20, April T., 1927, by defendants, from judgment of C. P. Cambria County, March T., 1926, No. 546, in the case of Mrs. Julia A. Durga v. Walter Williams, and Hartford Accident & Indemnity Company, Insurance Carrier. Before, PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before EVANS, P. J., and REED, P. J. O. C., Specially presiding.

The facts are stated in the following opinion by EVANS, P. J.

The defendant sets up two grounds upon which he appeals from the conclusion of the Workmen's Com-

pensation Board. First, there is no competent legal evidence that any accident occurred out of which any legal claim could arise and upon which any legal award could be based.

Second. The Board erred in inferring that the deceased died of an injury and in inferring that an accident had occurred which was the cause of the injury.

The facts are briefly that William R. Durga, husband of the claimant, was a truckdriver hauling coal from a certain mine. On September 19, 1924, the deceased in the performance of his duty called at the defendant's tipple with his truck and proceeded to load the truck with coal. The coal was brought out of a bin through a scoop onto the truck. After loading the truck it was necessary to lift the scoop out of the truck and push it back into place so as to permit the next truck to drive under it. The scoop was heavy, weighing some two hundred pounds, and ordinarily required two men to lift it into place. On the morning in question the deceased lifted the scoop into place after having loaded his truck. He drove his truck for a distance of about seventy-five feet and a few minutes later was found dead and blood was found in his mouth, or running from his mouth. The deceased, who had prior to this time enjoyed good health, was thirty-six years of age. Dr. P. J. Kelly was unable to give the probable cause of death but stated that it was possible that it resulted from the lifting of the heavy scoop. Dr. J. A. Murray, who had given a death certificate suggesting the cause of death as acute indigestion, testified that if he had known of the lifting of the scoop he would have made a different death certificate and expressed his opinion that the exertion in lifting the scoop was the cause of death. Dr. Emlyn Jones testified as follows: "Not being able to determine the exact pathology as to the death, we have

only one thought to guide us, and that is, the exertion put forth in doing the work of two men, was the most probable agency in bringing about his sudden collapse and death.''

While this testimony is circumstantial it was all competent and pointed to but one conclusion, that was that the deceased met his death as the result of undue exertion in lifting the heavy scoop into place. This was the opinion of the two doctors called and apparently entirely consistent with the facts and testimony produced before them.

In the case of Smith v. Philadelphia & Reading C. & I. Company, 284 Pa. 35, Mr. Justice SCHAFFER on page 38 of the opinion says: ''In that case we were referring to and considering 'direct proof' and inferences 'from certain basic or underlying facts said to have been proved.' Our difficulty in dealing with the pending case in the way appellee's counsel would have us do is that not only is there no direct proof or proof of certain basic or underlying facts, but no proof at all of the injury; there is nothing shown but the purely hearsay declarations of the deceased, so remote from the stated time of injury as not to come at all within the *res gestae* Rule.'' This opinion clearly indicates that if there had been proof of certain basic or underlying facts or any proof of an injury the case would have been sustained. It was reversed because the testimony was entirely hearsay. In the present case we had the proof of the basic and underlying facts showing a healthy man at the age of thirty-six doing an unusually heavy piece of work by lifting and found a few minutes later, within a short distance of the point where the lifting was done, dead and with blood coming from his mouth. There was testimony on the part of the doctors that the most probable cause of the death was the strain due to the unusual lifting. On this testimony the claimant was sustained

in her contention that the deceased had died as a result of an injury received in the course of his employment and we believe that the circumstantial evidence was sufficient to sustain the conclusion reached.

The court sustained the award. Defendant appealed.

*Error assigned* was the order of the court.

*D. H. McConnell,* for appellants,

*Peter P. Jurchak,* for appellee.

PER CURIAM, October 19, 1926:

This is a proceeding by the widow to recover compensation for the death of her husband, which she alleges resulted from an injury received by him in the course of his employment in the service of the defendant. The referee awarded compensation, which conclusion was sustained by the Compensation Board and, upon appeal, by the Court of Common Pleas. The defendant appeals, contending that there was no competent evidence to sustain the finding that the death of plaintiff's husband was due to an injury received in the course of his employment. The opinion of President Judge EVANS, of the Court of Common Pleas of Cambria County, which will appear in the report of this case, satisfactorily sustains the conclusion at which he arrived, and is in entire harmony with the opinion of Chief Justice MOSCHZISKER in Vorbnoff v. Mesta Machine Co., 286 Pa. 199, which so clearly states the principles involved in cases of this character.

The deceased was employed as a driver of a truck used in hauling coal from defendant's mine; he had pulled down what was called by the witnesses a "scoop" which discharged the coal from the tipple into the truck and when the truck was loaded pushed up the

scoop, which was very heavy involving a lift of two hundred pounds, and within three minutes afterwards collapsed over the steering-wheel of his truck and died on the employer's premises. Dr. Murray testified that in his professional opinion the death was caused by lifting the heavy scoop. His positive testimony was that such was his professional opinion, not merely that the death might have resulted or that it probably resulted from that cause, but it actually so resulted.

The judgment is affirmed.