Hamilton *v.* Pennsylvania R. R., Appellant.

Argued October 2, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*John Bredin,* with him *Dalzell, Dalzell & McFall,* for appellant.

*Joseph N. Huston,* for appellee, was not heard.

PER CURIAM, November 25, 1929:

This is an appeal from a judgment affirming the workmen's compensation authorities' award to plaintiff for injuries alleged to have been sustained by him as the result of an accident in defendant's machine shop, where he was employed as a drill press worker.

The evidence shows that Hamilton, who testified that he was in good health at the time, in the course of his employment lifted and changed the position of an iron coupler yoke, weighing between 175 and 200 pounds; that, while lifting this weight, he was seized with a severe pain in the back which he described as "a twist, spraining [his] back," saying, "It got me something like a knife";- that thereafter he complained to a fellow-workman that he was injured; that he did little work the rest of the day, went home ill, and by the following morning was in such pain that a physician had to be summoned. Hamilton, suffering at times with "excruciating pain," was confined to his bed for over a month, and received hospital treatment for some sixty-one days; at the time of the hearing, he wore a plaster cast and was still under medical treatment. Claimant's doctor testified that he was of opinion that Hamilton's condition was the result of his alleged accident; the physician who attended Hamilton for 61 days, while in the Allegheny Hospital, found marked evidence of a strain to the back and was of opinion that claimant's condition was caused by a preëxisting arthritis which had been aggravated by a lift or strain. Two additional physicians called on behalf of defendant said that, although his condition, in their opinion, was due primarily to arthritis, it had been aggravated by a lift or strain. In view of this testimony, and that of plaintiff, to the effect that

the sprain was produced by lifting the coupler, we agree with the court below that there was competent evidence to sustain the findings that plaintiff, "while turning [a] yoke, or......drill press, twisted himself in such manner as to cause a strain of the back accompanied by pain, which is the cause of his total disability, arising from the strain and the aggravation of a preëxisting condition [of arthritis] which, up to this time, had not given him any trouble, but which, by the accident, was aggravated to such an extent that he had been totally disabled ever since."

Appellant's main contention on this appeal is that since "there was no mishap or slip nor any unusual, unintended or fortuitous happening, it could not properly be said there was "an accident" within the contemplation of the Workmen's Compensation Act. As already pointed out, the referee found that there in fact occurred a twisting of the body producing a "sprain,"—a fortuitous happening which, though accompanied by no outcry or other evidence of violence, is sufficient, under our decisions, to constitute an accident within the meaning of the act. In Tracey v. Phila. & Reading C. & I. Co., 270 Pa. 65, this court affirmed an award of compensation where the accident consisted of a strain on the back and heart, produced by overlifting. In Durga v. Williams, 89 Pa. Superior Ct. 156, an award was affirmed where the claimant, a coal hauler, after lifting a heavy scoop weighing about two hundred pounds, was, a few minutes later, found dead, with blood in his mouth. Potter v. Claar, 289 Pa. 418, urged by appellant, has no application to the present situation.

The judgment is affirmed.