## Murray v. Brown, Appellant.

Argued November 14, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Glenn A. Troutman,* and with him *George B. Balmer* and *Charles S. Wesley,* for appellant.

*Paul D. Edelman,* for appellee.

Opinion by Stadtfeld, J., January 25, 1933:

This is a workmen's compensation case. The referee made an award in favor of claimant. This award was affirmed by the Workmen's Compensation Board and on appeal the court entered judgment on the award. From this judgment this appeal was taken by defendant.

The referee has found, inter alia, the following facts: "(3) We find that Nathaniel A. Murray, the decedent in this case, on and for some time prior to February 3, 1931, was employed by Harry Brown, as a truck driver. This employer's business was that of general hauling and the decedent in the course of his

employment was called upon to lift and move objects and articles of various weights. On the date before-mentioned decedent and two fellow employees were engaged in unloading bags of flour from a truck and removing it to the cellar of Kolb's Bakery, located at Fourth and Elm Streets, Reading, Pennsylvania, where these bags of flour were placed in piles. Decedent stood in this cellar at the bottom of a chute and, as a bag of flour slid down the chute to where he was standing, he would grasp it and then carry and swing it to the location for its storage. He was piling these bags of flour seven bags high in the formation of steps, each bag weighing about 141 pounds. On the morning in question decedent and his fellow employees had stored of a railway carload of these bags of flour, three hundred and fifty bags in number, all but one truck load of about seventy or eighty bags. At about ten o'clock, A. M., while in the performance of these duties decedent grasped a bag of flour which had slid to him down the chute and swung it five feet high upon the other bags of flour. As he did this he suddenly called out that he had hurt himself. He ceased work immediately and left the cellar and went to the truck upon which he lay until his lunch hour, during which time he complained of severe pain in the region of his appendix. That afternoon he drove a truck for his employer to New Jersey, as well as returned with it to Reading and on February 4, 1931, he rode with his brother upon a truck to Philadelphia and returned. During all of this time he complained of agonizing pain in his appendiceal region. This condition persisted and on February 6th, he was removed to St. Joseph's Hospital, Reading, Pennsylvania, where he was operated upon for acute appendicitis. He had complained of pains in the region of his appendix about two years previously. His appendix was found to be inflamed, gangrenous and adherent. He developed post-operation lobar pneumonia and his death

resulted in the before-mentioned institution on February 9, 1931.

"(4) We find that decedent, on February 3, 1931, at or about ten o'clock, A. M., was compelled to put forth considerable effort in lifting and swinging the bag of flour weighing 141 pounds from the chute to the pile of bags five feet in height. That this exertion caused a tearing of adhesions which were about his appendix. This is what immediately caused him the pain which he complained of. This violence lighted up and aggravated a more or less dormant condition of his appendix which necessitated the operation on February 6th, and eventuated in his death on February 9, 1931."

From these findings he concluded that decedent's death resulted from violence to the physical structure of his body and its resultant effects and that claimant is entitled to compensation.

The board affirmed the referee's findings of fact and conclusions of law.

Appellants contend that the alleged injury was not caused by the employment, that there was no evidence of aggravation by unnecessary exertion or accident, and that the medical testimony was insufficient to establish the relationship between the alleged injury and the subsequent death. This requires an examination of the testimony, for if there be any legally competent testimony to sustain the findings, the judgment must be affirmed as we are not, as an appellate court, a fact finding body. Morris v. Yough Coal and Supply Co., 266 Pa. 216, 219; Todd et ux., v. Lehigh Valley Coal Co., 297 Pa. 302.

The evidence sustains the findings on part of the referee.

Appellant contends that there was no accident in the course of employment, that the manifestation of pain at the time of the occurrence "was not the usual occurrence of or untoward happening contemplated by law", and refers to McCauley v. Imperial Woolen Co.,

261, Pa. 312. In this case in a very exhaustive opinion by Mr. Justice MOSCHZISKER, the latter says, in construing the Workmen's Compensation Act, p. 327: ''In this connection, it is to be noted that there is nothing in the language quoted from section 301 which requires an injury to be caused through force externally applied, or, much less, by some tangible substance of material size. The words used are 'violence to the physical structure of the body', not injury to the physical structure of the body by external violence. The violence in question may originate from lifting heavy weights, or from other provable cause (for instance, intense heat operating directly on the part of the body internally affected: see Lane v. Horn & Hardart Co., 261 Pa. 329), which effect a sudden change in the physical structure or tissues of the body, and still be within the compensation act. In short, if the incident which gives rise to the injurious results complained of can be classed properly as a 'mishap', or 'fortuitous' happening—an 'untoward event, which is not expected or designed'—it is an accident within the meaning of the workmen's compensation law.''

Because there is no evidence that decedent slipped or fell, and that the accident happened while he was doing an act which was merely a repetition of many other similar acts done by him that day, it is claimed that the occurrence cannot be classified as such an accident as is contemplated by the act. In support of this position, appellant cites the case of Gausman v. Pearson, 284 Pa. 348, wherein the Supreme Court in an opinion by Mr. Justice WALLING, says, p. 354: ''To constitute an accident there must be some untoward occurrence aside from the usual course of events.'' He further says ''Such stroke will be treated as an accident when resulting from a shock strain or other injury to the physical structure of the body (Samoskie v. Phila. and Reading C. & I. Co., 280 Pa. 203; Wat-

kins v. Pittsburgh Coal Co., 278 Pa. 463; Yodis v. Phila. and Reading C. & I. Co., 269 Pa. 586)."

Appellant ignores the finding of the referee that "decedent, on February 3, 1931, at or about 10 o'clock A. M., was compelled to put forth considerable effort in lifting and swinging the bag of flour weighing 141 pounds from the chute to the pile of bags five feet in height. That this exertion caused a tearing of adhesions which were about his appendix. This is what immediately caused him the pain which he complained of. This violence lighted up and aggravated a more or less dormant condition of his appendix which necessitated the operation on February 6th and eventuated in his death on February 9, 1931." The mere fact that similar work had theretofore been performed by decedent and nothing untoward had happened, only emphasizes the untoward and accidental result on February 3, 1931. As stated by Dr. Charles A. Harman, a physician called on behalf of claimant: "From the evidence I heard here that twisting of his body, the throwing up of this bag of flour when he gave out that expression of pain, then something happened there which lighted up the old smoldering fire, and which did not happen when he was doing this same work previously, it may have been the position of his body, but something happened which caused this to light up, something happened to him when he gave that expression of pain." He further gave it as his opinion that the throwing of this bag of flour was a contributing factor in the death of decedent.

In Hamilton v. Penna. R. R., 298 Pa. 22, a recovery was sustained where a workman shows that he twisted himself while at work in lifting a heavy weight in such manner as to cause a strain of the back resulting in total disability, and further shows by medical testimony that his injury was the result of the strain which aggravated a persisting condition of arthritis.

In the instant case the untoward occurrence or ac-

cident is inferable from the admitted facts, and sustained by the medical testimony.

It is further contended by appellant that the medical testimony on behalf of claimant is devoid of that certainty required by the decision of the Supreme Court. As stated by the lower court, SHANAMAN, J., "This testimony presents a disagreement between expert witnesses summoned by opposite sides. The referee and the board have adopted the opinion of the claimant's medical witnesses, to the effect that the throwing of the bag of flour at the time when the decedent cried out was a controlling cause of his death."

A careful examination of the testimony leads us to the conclusion that there was sufficient legally competent evidence to warrant the findings of fact of the referee and the board, and that the court did not err in entering judgment on the award.

The assignments of error are overruled and judgment affirmed.