Cowell *v.* F. W. Woolworth Company, Appellant.

Argued April 22, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John R. Bredin,* with him *Dalzell, McFall & Pringle,* for appellant.

*M. H. Hirschfield,* with him *J. H. McClure,* of Mc-Crady, McClure, Niclas & Hirschfield, for appellee.

OPINION BY JAMES, J., October 2, 1935:

Appellant's employee was awarded compensation by the referee, which was sustained by the compensation board and affirmed on appeal by the court of common pleas.

The referee made the third following finding of fact: "3. That on July 21, 1932, about eleven o'clock in the morning, while in the employ of the defendant company, the claimant attempted to move a basket filled with merchandise from the place where she was working, to place it back of the counter out of her way. The basket was heavy and it was necessary for her to partly lift and partly pull it; and while doing this she felt a sensation in her left arm as if her arm had been shocked by coming in contact with electricity. She was working her counter alone at this time and continued to perform her duties as best she could until she was relieved for lunch. About eleven forty-five, when she reported off for lunch, she told her immediate superior that she had injured herself. She was unable to eat any lunch that day, but reported back to work at her usual time. About three o'clock in the afternoon she again complained to her superior and asked permission to go to the washroom and bathe her arm in warm water. She applied home remedies and continued to work until July 29, 1932, on which date she ceased working and has been unable to work since. During this period between the date of the accident and the date she stopped working she was unable to wrap packages or tie them, this work being done for her by fellow employes. On August 25, 1932 she consulted Dr. S. S.

Steffler, whose examination revealed a definite involvement of the left ulnar nerve. The only objective evidence of injury at this time was slight swelling in the forearm on the extensor surface, although there was subjective evidence of nerve involvement in the nature of tenderness along the course of the ulnar nerve, pain at times along this nerve and a feeling of numbness extending from above the elbow down the arm into the little finger and the outer surface of the ring finger. From the evidence of record we find that these symptoms are the result of claimant's injury of July 21, 1932."

The testimony of Dr. Steffler in the record was to the effect that the pain in the arm resulted from the pulling of the basket and that the ulnar nerve is one of the most common nerves that is injured by traction.

Appellant's chief complaint is that "claimant's disability was not caused by an accident within the meaning of the Workmen's Compensation Act." Its argument is presented from two angles, first: there was no evidence that in pulling the basket the claimant was required or did exert any extra or unusual physical exertion and, second: that there is no evidence of a mishap, slip or a fortuitous or undesigned event in connection with the pulling of the basket. Granting that the finding of fact by the referee does not establish any extra or unusual effort, appellant overlooks the fact that an injury to the physical structure of the body may be an accident within the meaning of the workmen's compensation statutes even though incurred when performing labor in a usual manner and without over exertion: Betts v. American Stores Co., 105 Pa. Superior Ct. 452, 161 A. 589. An accident is an occurrence which proceeds from an unknown cause or which is an unusual effect of a known cause and hence unexpected and unforeseen ...... It is the result of some untoward happening not expected or designed, a mishap or

fortuitous happening aside from the usual course of events: Lacey v. Washburn & Williams Co., 309 Pa. 574, 164 A. 724. Applying this definition how can it be said that claimant had not suffered an accident. Prior to the injury, her arm was normal and healthy and immediately after pulling the basket, she experienced what she described as an electric shock, suffered pain and was unable to continue her work. Although there was nothing unusual in the pulling of the basket, it caused an unusual and unexpected result. The injury which she suffered was not unlike that of a twist or a strain which has been held to be an accident: Murray v. Brown, 107 Pa. Superior Ct. 516, 164 A. 138; Hamilton v. P. R. R., 298 Pa. 22, 147 A. 837; Betts v. American Stores Co., supra. Claimant's testimony that "I didn't have a sharp pain in my arm but something like an electric shock" was similar to the testimony of the claimant in Hamilton v. P. R. R., supra, wherein he described the pain, "It got me something like a knife," in which case compensation was allowed. The findings of the referee were not based alone upon subjective symptoms but in addition upon the objective symptoms of the swelling of the arm. An examination of the record fully sustains the findings of the referee that claimant suffered an injury within the meaning of the compensation act.

Appellant has stressed as controlling the following cases: Gausman v. Pearson, 284 Pa. 348, 131 A. 247; O'Neill v. L. C. & N. Co., 108 Pa. Superior Ct. 425, 165 A. 60; Mooney v. Yeagle, 107 Pa. Superior Ct. 409, 164 A. 82; Foster v. Borough of State College, 110 Pa. Superior Ct. 452, 168 A. 693; Pelusi v. Mandes, 109 Pa. Superior Ct. 439, 167 A. 456; Rocco v. Ellsworth Collieries Co., 111 Pa. Superior Ct. 508, 170 A. 316; McFadden v. L. C. & N. Co., 111 Pa. Superior Ct. 501, 170 A. 314. In all of these cases, the employee was suffering from a serious physical condition, which in itself

could have caused death, and the death occurred while in the performance of his usual work and no proof was established that the exertion used was other than that which was usually exerted. We do not believe them to be applicable.

Judgment affirmed.