Brodbeck, Exrx., *v.* W. F. Trimble & Sons Company et al., Appellants.

Argued April 16, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, HIRT and KENWORTHEY, JJ.

*John M. Reed,* for appellants.

*H. M. Lubic,* with him *Louis F. Adelman,* for appellee.

OPINION BY KENWORTHEY, J., July 23, 1942:

The sole question in this workmen's compensation case is whether claimant,[1] on November 30, 1939, sus-

---

[1] Claimant died August 25, 1941 after the appeal to this court had been perfected and his widow was substituted as executrix.

tained an "injury by an accident" within the meaning of Sec. 301 of our Workmen's Compensation Law.[2]

On the date in question, claimant was seventy-seven years of age. For some years he had been suffering from a "rather severe" osteoarthritis of the lower back for which he was wearing a brace. He was employed by defendant as a construction supervisor. His work frequently required him to walk up and down an inclined plank leading into the building under construction. The plank was twelve or fourteen feet long; the elevated end was three feet above ground level. Between ten and eleven o'clock in the morning of November 30, 1939, he walked down the plank and, when he reached the end or bottom, he made a "quick stop." He said he did this to keep from falling forward. There was no evidence of any external mishap, such as slipping, falling or the like, but he said as he stopped, "I felt a little pain in my back, just jagging me." He continued to work until December 9, 1939, when he quit because of the increasing pain. It is conceded that he was totally disabled until the time of his death, August 25, 1941.

His attending physician, who said he had also treated him for the same condition in 1936, testified that the "osteoarthritis [was] aggravated by trauma, causing acute sciatic, and herpes zoster and shingles." By "trauma" he did not mean a blow, but "A physical effort of any type which will produce injury to tissue ......" And he said that, "...... any twist or jarring with the narrowing of the intervertebral space as shown by X-rays, would cause" an injury to the sciatic nerve.

The referee found that claimant's disability resulted from chronic osteoarthritis of the spine "which condition has been gradual in its development, resulting in the claimant's present disability, and which condi-

[2] Act of June 2, 1915, P. L. 736, art. III, as amended, 77 PS 431.

tion is not the result or in any way associated with the accident complained of." The board, principally relying upon our decisions in *Betts v. American Stores Co. et al.*, 105 Pa. Superior Ct. 452, 161 A. 589, *Cowell v. F. W. Woolworth Co.*, 119 Pa. Superior Ct. 185, 180 A. 752, and *Witt v. Witt's Food Market*, 122 Pa. Superior Ct. 557, 186 A. 275, reversed the referee, found that the injury was caused by accident within the meaning of the Workmen's Compensation Act, and awarded compensation. The court below, relying principally on the decisions of this court in *Reffner v. Consolidation Coal Co.*, 121 Pa. Superior Ct. 11, 182 A. 762, and *Crispin v. Leedom & Worrall Company et al.*, 142 Pa. Superior Ct. 1, 15 A. (2d) 549, affirmed the award and entered judgment for claimant.

The judgment must be reversed.

In fairness to the lower court, it should be pointed out that subsequent to its order (March 11, 1941), the Supreme Court reversed this court in the *Crispin Case*, 341 Pa. 325, 19 A. (2d) 400, (April 14, 1941). And the authority of the other cases relied on by both the board and the court below has been limited by the decisions of the Supreme Court in the Crispin Case, and *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 3 A. (2d) 377. See *Toohey v. Carnegie Coal Corporation*, 150 Pa. Superior Ct. 297, 28 A. (2d) 362. In our opinion, the present case is ruled by the Adamchick Case and subsequent cases, particularly *Paydo v. Union Collieries Co.*, 146 Pa. Superior Ct. 385, 22 A. (2d) 759. And it falls within the first classification set forth by Judge CUNNINGHAM in *Royko v. Logan Coal Co. et al.*, 146 Pa. Superior Ct. 449, 458, 22 A. (2d) 434: "(1) Those in which the employee had a pre-existing disease which had progressed to the point where the continuation of his normal work was dangerous. Notwithstanding his physical condition, the

302

employee continued at work until stricken while performing his usual work in the usual way and without the happening of any unexpected external occurrence." Judgment is reversed and entered for defendant.