Apker *v.* Crown Can Company et al., Appellants.

Argued October 7, 1942. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*George H. Detweiler,* for appellants.

*R. W. Archbald, Jr.,* with him *George Maxman* and *Harold R. Tawresey,* for appellee.

OPINION BY KENWORTHEY, J., October 28, 1942:

In this workmen's compensation case the Referee made an award, the Board reversed and dismissed claimant's petition and on appeal the Common Pleas reversed the Board and entered judgment for claimant for the full amount of compensation payable for total permanent disability. The employer appeals.

On July 26, 1939, claimant was employed by defendant as a sheet metal worker. The Referee found: "4. That on the aforesaid day, the claimant was engaged in bending ten-gauge sheet metal in a cornice break with four fellow employees. At approximately 4:00 P.M., on the aforesaid day while performing this work, the claimant felt a sharp pain in his back. He continued to work however, the balance of the day. 5. That following this occurrence, the claimant remained away from work until Monday, July 31, 1939, on which date he returned to work, and continued to work until Thursday, August 3, 1939, on which latter date he was laid off." At the time of the occurrence claimant was doing his regular work in the usual way.

The Referee, in his 6th Finding of Fact, found that claimant became totally disabled on August 3, 1939 and "The cause of the Claimant's disability is a sacro-iliac sprain which was caused by the accident of July 26, 1939." Predicated thereon he made an award for total permanent disability.

The Board vacated and set aside the Referee's 6th finding and in lieu thereof found: "6. Claimant has been totally disabled since August 3, 1939, but the claimant failed to prove the happening of any accident." It dismissed the petition.

There is some merit in claimant's argument that the Board's finding "claimant failed to prove the happening of any accident" was in reality based on a conclusion of law that there was no evidence of an accident. The discussion, in its opinion, is devoted almost exclusively to the question of law involved. But clearly, even if the Board was wrong on the law (and we do not think it was as we shall point out presently), the Common Pleas was without power to reverse its order dismissing the petition *and make an award of compensation;* its only power was to return the case to the Board. True, the rule is that *where the Board makes an award* and there is no evidence to sustain it and nothing to indicate that anything was omitted from the record which could have been proven, the court has the power and duty to enter judgment for the *employer* without sending back the record. *Vorbnoff v. Mesta Machine Co.,* 286 Pa. 199, 133 A. 256; *Easton v. Elk Tanning Co.,* 129 Pa. Superior Ct. 535, 195 A. 648. There are other situations in which the court has power to enter judgment instead of returning the record. See *McClelland v. B. & O. R. R.,* 137 Pa. Superior Ct. 158, 8 A. (2d) 498. If the Board should erroneously, on petition by the employer, make an order terminating an existing agreement, the court might, in a proper case, reverse and enter judgment for *claimant.* These are cases in which the disposition of the question of law involved is determinative of the outcome of the case and there is left no further fact-finding function for the Board to perform. It has been frequently pointed out that in such cases the legislature did not intend that the court should perform the senseless function of returning the record for the Board to enter the only judgment possible under its ruling. *Callihan v. Montgomery,* 272 Pa. 56, 115 A. 889; *Anderson v. Baxter,* 285 Pa. 443, 132 A. 358; *Vorbnoff v. Mesta Machine Co.,* supra.

But in the present case, the court's ruling that the Board had made an error of law in concluding that there was no evidence of an accident would not necessarily mean that claimant was entitled to compensation. There was evidence claimant was suffering from a severe infection of his teeth and tonsils, and that when admitted to the Philadelphia General Hospital he had given a history: "For 20 years [he] has had intermittent attacks of 'lumbago', consisting of dull ache across the sacrum, coming on without regard to weather, exercise, eating, voiding, relieved by heat, exercise, 'kidney plasters', attacks coming 2-3 times a year. Most of the patient's family have similar attacks." The board said: "Our disposition of this case renders it unnecessary to determine the question of causation—but we might here point out that the record indicates that there is considerable doubt that claimant's condition was even caused by his strenuous work, or started in the manner or at the time he alleges. We are, however, not deciding this issue." Under no circumstances can compensation be awarded without a finding of causation and the power to make such finding of fact is exclusively vested in the compensation authorities. *Bakaisa v. Pittsburgh & West Virginia R. R.*, 149 Pa. Superior Ct. 203, 27 A. (2d) 769.

But in our opinion the Board correctly held there was no evidence of a compensable accident; the case is ruled by *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 3 A. (2d) 377, and the cases which have followed it. Our earlier cases, some of which (*Betts v. American Stores Co.*, 105 Pa. Superior Ct. 452, 161 A. 589; *Cowell v. F. W. Woolworth Co.*, 119 Pa. Superior Ct. 185, 180 A. 752; *Witt v. Witt's Food Market*, 122 Pa. Superior Ct. 557, 186 A. 275) were relied on by the court below, are not in complete harmony with our later decisions following *Adamchick v. Wyoming Valley Collieries Co.*, supra, *Harring v. Glen Alden Coal Co.*,

332 Pa. 410, 3 A. (2d) 381, and *Crispin v. Leedom &
Worrall Co.*, 341 Pa. 325, 19 A. (2d) 400. We pointed
out in *Paydo v. Union Collieries Co.*, 146 Pa. Superior
Ct. 385, 22 A. (2d) 759, *Toohey v. Carnegie Coal Corp.*,
150 Pa. Superior Ct. 297, 28 A. (2d) 362, and *Brod-
beck v. Trimble & Sons Co. et al.*, 150 Pa. Superior
Ct. 299, 27 A. (2d) 732, that these, and perhaps other,
earlier decisions of ours must be regarded as limited
or modified.

We do not agree with the argument that the deci-
sions in the later cases were ruled by the presence in
those cases of a pre-existing condition and that the
present case is, on that ground, distinguishable. As
we have indicated, there was some evidence here that
claimant's disability was due to a pre-existing condition.
But as President Judge KELLER pointed out in *Paydo
v. Union Collieries Co.*, supra, the fracture in the
*Adamchick Case* did not occur at the site of the
sarcoma but in a healthy portion of the bone. We
understand that case to rule that proof merely of the
sudden onset of pain while an employe is engaged in his
usual work in the usual manner is no evidence of an
accident even where there is no evidence of a pre-exist-
ing condition; the basis of the holding is that the occur-
rence of the pain may not have been coincidental with
the development of the injury which caused the pain
and does not alone, therefore, furnish proof that an
injury by accident *occurred* at the time the pain was
felt. In the present case, there is no evidence of any
occurrence whatever except claimant's statement that
on the afternoon of July 26, 1939, he felt a sharp pain.
The case is similar to *Toohey v. Carnegie Coal Corp.*,
supra, and must be ruled the same way.

The judgment is reversed and entered for defendant.

CONCURRING OPINION BY RHODES, J., November 13,
1942:

I concur in the conclusion that under the facts of

this case the board correctly held there was no evidence of an "accident" within the meaning of the Workmen's Compensation Act. It is also true that the presence of pain does not in and of itself show an injury by accident at the time the pain is felt.

I do not agree, however, with the unqualified statement that specific earlier cases in this court, such as *Betts v. American Stores Co. et al.*, 105 Pa. Superior Ct. 452, 161 A. 589, *Cowell v. F. W. Woolworth Co.*, 119 Pa. Superior Ct. 185, 180 A. 752, *Witt v. Witt's Food Market et al.*, 122 Pa. Superior Ct. 557, 186 A. 275 (allocatur refused), have been limited or modified by the later Supreme Court decisions of *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 3 A. (2d) 377, *Harring v. Glen Alden Coal Co.*, 332 Pa. 410, 3A. (2d) 381, *Crispin v. Leedom & Worrall Co. et al.*, 341 Pa. 325, 19 A. (2d) 400, or by later cases in this court cited in the majority opinion, such as *Paydo v. Union Collieries Co.*, 146 Pa. Superior Ct. 385, 22 A. (2d) 759, *Toohey v. Carnegie Coal Corp.*, 150 Pa. Superior Ct. 297, 28 A. (2d) 362, *Brodbeck v. W. F. Trimble & Sons Co. et al.*, 150 Pa. Superior Ct. 299, 27 A. (2d) 732. Such sweeping generalization is unnecessary to a decision of the instant case, and should not have been made. The same is true of the Toohey and Brodbeck cases where similar statements also appear as dicta. On their particular facts compensation was properly allowed in the Betts, Cowell and Witt cases. Moreover, the Witt case and decisions following it stand for and embody certain principles which have not, in my opinion, been changed either specifically or by clear implication by the Adamchick, Harring and Crispin cases.

In *Camilli v. Pennsylvania Railroad Co.*, 135 Pa. Superior Ct. 510, 7 A. (2d) 129 (allocatur refused), Judge HIRT, citing the Betts case and quoting from the Witt case, stated (pp. 513, 514): " 'An injury by accident may occur in the course of the normal duties of

an employee and without overexertion, when a strain, sprain, or twist causes a break or sudden change in the physical structure or tissues of the body.'" We reiterated these principles in *Palermo v. North East Preserving Works Inc. et al.,* 141 Pa. Superior Ct. 211, 215, 15 A. (2d) 44, expressly recognizing the fact they had not been overruled by the Adamchick case. Judge PARKER (now Mr. Justice PARKER) speaking for this court in *Vitanza v. Iron City Produce Co. et al.,* 131 Pa. Superior Ct. 441, 200 A. 311, (allocatur refused), cited the Betts, Cowell and Witt cases, and *Falls v. Tennessee Furniture Co. et al.,* 122 Pa. Superior Ct. 550, 186 A. 272, stating (pp. 445, 446) : "In this line of cases . . . . . . the unusual twist, strain, or sprain was an unusual happening. . . . . . . While we have in some cases referred to the injury to the body as an accident, it is more accurate to say that from the character of the injury taken with the circumstances we may infer an accident." We have quoted with approval from the Witt case as recently as *Orlandini v. Volpe Coal Co.,* 145 Pa. Superior Ct. 129, 133, 20 A. (2d) 870 (CUN-NINGHAM, J., 1941). See also *Eckman v. United States Lock & Hardware Co. et al.,* 146 Pa. Superior Ct. 513, 518, 519, 23 A. (2d) 232; *Bird v. Brown,* 148 Pa. Superior Ct. 534, 539, 25 A. 2d 857.

The Supreme Court in the Adamchick case said (p. 410) that "to secure compensation there must be proof both of an accident and of an injury; an accident cannot be inferred merely from an injury. There must be some evidence of an accident, either direct or circumstantial, in the latter instance clearly and logically indicating it." There has been a manifest tendency to endeavor to extend these pronouncements beyond their rational limits, and thus make recovery of compensation for accidental injuries sustained by employees in the course of their employment unreasonably difficult. This has become very obvious from the many appeals

which have involved merely the sufficiency of the evidence as to the happening of an accident. There is no reason for any attempt to use the Adamchick, Harring and Crispin cases as impediments to the liberal and proper administration of the Workmen's Compensation Law; they merely reversed awards for alleged accidental injuries which the Supreme Court concluded had no substantial factual support in the evidence. These cases have not limited, modified or changed any fundamental principle previously recognized and applied by this court in the review of compensation cases on appeal.