Buck *v*. Arndt et al., Appellants.

Argued November 8, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*S. H. Torchia,* with him *Ralph H. Behney, Sol. R. Gitman* and *James H. Duff,* Attorney General, for appellants.

*Allan K. Grim,* with him *Stevens & Lee,* for appellee.

OPINION BY KENWORTHEY, J., December 9, 1943:

This appeal presents the single question whether there was an accident within the meaning of the Workmen's Compensation Law.

The referee's findings of fact were unchallenged throughout. They are clear and concise and establish that:

"4. On January 19, 1942, Norman Buck, the claimant, was in the employ of Milton H. Arndt, the defendant, as a carpenter, and on that morning was engaged in his usual work, helping to build a porch on a house. He was carrying a 2 x 4 rail, which was about 16 feet long, on one of his shoulders. When he was about to put down the rail, he lifted it off his shoulder and, as he did so, he felt a sharp pain in the region of his heart. He dropped the rail and was so severely affected that he immediately had to cease work. He was immediately taken to Dr. Stanley A. Brunner, whose house was about

three miles away. The doctor diagnosed the condition as a strain of one of the muscles of the heart, brought about by the lifting of the rail over the claimant's head as he was about to put it down. The claimant's heart was in sound condition up to the time of this accident and was again in sound condition on May 25, 1942, when he was able to return to work without any loss in earnings or earning power ......"

The referee concluded claimant had suffered a compensable accident and made an award. The board, being of opinion our recent decision in *Apker v. Crown Can Co. et al.*, 150 Pa. Superior Ct. 302, 28 A. (2d) 551, was controlling, reversed and entered judgment for the employer. The court below reversed the board and directed that judgment be entered for claimant. This appeal followed.

The right to compensation for an unexpected injury caused by the performance by the employee of his usual work in the usual manner is clear. *Good v. Pennsylvania Department of Property and Supplies*, 346 Pa. 151, 30 A. (2d) 434; *Parks v. Miller Printing Machine Co.*, 336 Pa. 455, 9 A. (2d) 742.

The real difficulty is in determining whether claimant has met the burden of establishing by *substantial, competent evidence* that an accident occurred during the course of his employment—the controlling question of law is whether there is evidence sufficient in quantity and quality to support findings that the injury resulted from the performance of the work and was unforeseen and unexpected.

When the emphasis is shifted to the question of proof the recent decisions of the Supreme Court commencing with *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 3 A. (2d) 377, and our own decisions following them are easily understood and reconcilable.

The *Adamchick, Harring*[1] and *Crispin*[2] cases estab-

[1] *Harring v. Glen Alden Coal Co.*, 332 Pa. 410, 3 A. (2d) 381.
[2] *Crispin v. Leedom & Worrall Co.*, 341 Pa. 325, 19 A. (2d) 400.

lish the principle (followed by us in *Brodbeck v. W. F. Trimble & Sons,* 150 Pa. Superior Ct. 299, 27 A. (2d) 732, and *Paydo v. Union Collieries,* 146 Pa. Superior Ct. 385, 22 A. (2d) 759), that when an employee, going about his work in the usual way, is overcome by a lesion which may be the natural result of a pre-existing condition it cannot be said to have been unexpected or unforeseen, in the absence of proof it was caused by some accidental preceding means.

The *Adamchick* case has also established, in our opinion—and we leaned on the principle as an alternate ground of decision in *Apker v. Crown Can Co.,* supra—that, even where the board has not made an express finding that there was a preexisting condition, the court may act as though it had when the evidence of it is so overwhelming that any other finding would amount to an error of law.

Finally, we have held in *Toohey v. Carnegie Coal Corp.,* 150 Pa. Superior Ct. 297, 28 A. (2d) 362 (allocatur refused, 150 Pa. Superior Ct. xxiii), and *Apker v. Crown Can Co.,* supra, that, even where there is no evidence of a pre-existing condition, the uncorroborated *post hac* testimony of an employee that while performing his usual work in the usual manner he 'felt a sharp pain' or 'twisted himself' will not support a finding of an accident even though accompanied by the opinion of a physician based upon such assumed history. It is upon these cases—particularly the *Apker* case—that appellant relies.

In the *Toohey* case, claimant's wholly uncorroborated testimony was that he felt a pain while at work on October 18, 1938, although he continued to work without interruption until November 23, 1938 and first saw a physician on December 1, 1938. In the *Apker* case, there was likewise no corroboration and no interruption in plaintiff's work. We there said, at page 306: "In the present case, *there is no evidence of any occurrence*

*whatever except claimant's statement that on the after-noon of July 26, 1939, he felt a sharp pain."* (Italics supplied).

In *Eberst v. Sears, Roebuck Co.*, 334 Pa. 505, 510, 511 6 A. (2d) 577, followed by us in *Roberts v. Wanamaker*, 151 Pa. Superior Ct. 297, 30 A. (2d) 189, the Supreme Court held that where an employee seeks to set aside a final receipt "the causation between the alleged dis-ability and the accident must be established by more than simply the testimony of the employee and medical testimony based solely upon the employee's own history of the case." The rule was based upon the previous decision in *Shuler v. Midvalley Coal Co.*, 296 Pa. 503, 146 A. 146, where the reasons which moved the court to adopt it are stated at page 507: "The sole evidence relied on to sustain claimant's right to have the agree-ment set aside is his own history of the case, with the medical testimony based on that history. It is apparent at once that, unless great care is maintained in the ac-ceptance of such proof, employers are easily at the mercy of designing employees; it will become quite easy to fabricate testimony to support a recovery, and its contradiction is almost impossible."

The reasons for adopting a strict rule of proof in cases like the present are equally impelling.[3]

Without attempting to point out just how much or what kind of corroboration is necessary in other future cases which may arise—each case will require an ap-plication of the *principle* and whether it falls on one side of the line or the other will depend upon recogni-tion of differences in degree—it is our opinion that in

---

[3] The legislature was undoubtedly similarly motivated when it adopted the 'Hernia Amendment' (Act of April 13, 1927, P. L. 186, §1, omitted from the amendment of June 4, 1937, P. L. 1552, §1, added by Act of June 21, 1939, P. L. 520 §1, 77 PS §515), although we are not suggesting that the requirements of the legis-lation would be appropriate here.

the present case claimant is entitled to compensation. For, the finding of the referee was not based merely on the statement of claimant that he felt pain while performing his usual work in the usual way; claimant "dropped the rail and was so severely affected that he immediately had to cease work. He was immediately taken to Dr. Stanley A. Brunner ......" And claimant's heart "was in sound condition up to the time" of the alleged accident.

Since the board adopted all the referee's findings of fact and reversed only the conclusion of law that, upon those facts, claimant had sustained a compensable accident, the court was not bound to return the case but had the power to enter judgment. *Apker v. Crown Can Co.,* supra, at 304.

The order of the court below is affirmed.