Davis, Appellant, *v.* Jones & Laughlin Steel Corp.

Argued October 26, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Samuel Krimsly,* for appellant.

*William A. Challener, Jr.,* with him *William A. Challener,* for appellee.

OPINION BY HIRT, J., April 11, 1945:
In this Workmen's Compensation Case both the

referee and the board refused an award and the dis-
allowance was affirmed by the court.

Claimant had worked for defendant in its mines as
a bricklayer for many years. On January 23, 1942, in
the course of his employment, he was clearing the way
for the building of a brick wall across an opening in
a coal mine. While lifting a steel rail he suffered a
right inguinal hernia as he turned to throw it aside.
Later, after defendant's adjuster told him that his in-
jury was not compensable, he consulted his own sur-
geon. The hernia was successfully and permanently
reduced by an operation on February 10, 1942. He
returned to his former employment on April 15, 1942,
without further disability.

The ultimate finding of the board was "that the claim-
ant was performing his regular work in his usual way
on January 23, 1942, while lifting a rail and the hernia
which he suffered at that time was not an accident with-
in the meaning intendment of the Workmen's Compensa-
tion Act as amended." The board rested its conclusion on
the principle: "Disability overcoming an employee while
engaged in his usual work in the usual manner is not
compensable, unless some fortuitous or untoward hap-
pening takes place: Gausman v. Pearson, 284 Pa. 348;
Crispin v. Leedom & Worrel Co., 341 Pa. 325; Pastva
v. Forge Coal Mining Co., 142 Pa. Superior Ct. 42;
Paydo v. Union Collieries Co., 146 Pa. Superior Ct.
385." The above finding was qualified however by this
comment appearing in the opinion of the board: "We
cannot agree with the referee that the hernia was due to
a gradual development from a pre-existing weakness
resulting from a prior hernia and was not due to
sudden effort or severe strain as alleged." A right
inguinal hernia which claimant had suffered twelve
years before had been then corrected by an operation.
The above discussion is the equivalent of a finding and
was so intended, that the former hernia had no bearing
on claimant's disability or present right to compensa-

tion; and further that the hernia in this case was caused by sudden effort or strain, though in the course of claimant's employment. Other findings of the referee, adopted by the board, material here, are to this effect; that from the strain in lifting the rail there was an immediate descent of the hernia (the evidence was that an irreducible mass—the size of a fist—at once descended into the scrotum) with accompanying pain of such severity that claimant was forced to stop work, and was incapable of all but the lightest work on that and the following day, when he was forced to quit; that he was immediately conscious of the rupture and reported his disability and the circumstances of its occurence to defendant's assistant mine foreman the same day.

The legislature may provide Workmen's Compensation for disability other than from accident (as it has in the Occupational Disease Compensation Act of June 21, 1939, P. L. 566, 77 PS 1201). But disability from hernia is not in that class. The first legislation on the subject was the Act of April 13, 1927, P. L. 186, §306(g) repealed in the Act of June 4, 1937, P. L. 1552 but substantially re-enacted June 21, 1939, P. L. 520, §306(h), 77 PS 515. The two hernia acts were amendments to the basic Act of June 2, 1915, P. L. 736 under which proof of accident is essential to recovery. Both amendments refer to "the occurrence of the *accident*" and the stated limitations on the right of recovery do not, by exclusion, supply a formula for determining whether hernia, under varying circumstances, is compensable. They, and particularly the 1939 act with which we are concerned, merely set up statutory presumptions of fact which must be overcome by proof, that hernia is a physical weakness which ordinarily develops gradually, other than from accidental causes. There has been no departure from the holding of *Gausman v. Pearson Co.*, 284 Pa. 348, 131 A. 247, that "Disability, overtaking an employee at his work, is not

compensable unless the result of accident. And the burden is on a claimant to prove it was such and not from natural causes." Disability from the normal progress of a physical condition is not compensable. *Mancuso v. Mancuso,* 150 Pa. Superior Ct. 22, 27 A. 2d 779. But physical weakness, common to all men does not in itself bar compensation from hernia if the statutory presumptions are overcome and an accident is proven. The weakness is not an ailment but a normal physical condition and the principle of *Paydo v. Union Collieries Co.,* 146 Pa. Superior Ct. 385, 22 A. 2d 759; *Good v. Pa. Dept. of Prop. & Sup.,* 346 Pa. 151, 30 A. 2d 434, and kindred cases, does not apply.

In this case under the findings, every statutory presumption against an award has been overcome. And the facts which remove the presumption constitute "incontrovertible proof" within the intent of the amendment (*Grant v. Wark Const. Co.,* 152 Pa. Superior Ct. 214, 31 A. 2d 739) ; there is no denial of them. Since the hernia was precipitated by sudden effort or severe strain, a pure question of law is presented in this appeal which requires a reversal of the judgment.

It was part of claimant's work to clear the way for laying bricks. Undoubtedly at the time of his injury he was performing his regular work in lifting the rail and the board was free to disregard, as it did, evidence of overexertion which would have made the claim compensable on that ground. But the circumstances as embodied in the findings, supported by strict proof, establish an unexpected injury—an unusual result— from sudden effort or strain. The findings are of an accident, though occurring in the course of performance of claimant's ordinary duties. The claim therefore is within the principle of *Buck v. Arndt,* 153 Pa. Superior Ct. 632, 34 A. 2d 823; *Fye v. Baltimore & Ohio Railroad,* 133 Pa. Superior Ct. 550, 3 A. 2d 275; (Cf. *Good v. Pa. Dept. of Prop. & Sup.,* supra; *Parks v. Miller P. Mach. Co.,* 336 Pa. 455, 9 A. 2d 742) and is compensable.

Claimant testified, and his written statement to defendant's adjuster immediately after the injury is to the effect, that in lifting the rail and in *turning* to put it down he felt a sharp pain in the groin. His claim petition also alleged a *twisting* of his body at the time of the injury. In *Camilli v. Penna. R. R. Co.*, 135 Pa. Superior Ct. 510, 7 A. 2d 129, we referred to the fact that the posture of the individual while lifting, and not the weight, may be a determining factor in causing hernia. Cf. *Palermo v. N. East Preserving Wks., Inc.*, 141 Pa. Superior Ct. 211, 15 A. 2d 44. And in *Gavula v. Sims Company*, 155 Pa. Superior Ct. 206, 38 A. 2d 482, we held: "A compensable injury may occur in the course of the normal duties of an employee and without overexertion, when a strain, sprain or twist causes a break or sudden change in the physical structure or tissues of the body."

Under the findings of the board, in the light of all of the circumstances, claimant's injury was a compensable acute traumatic hernia.

Judgment reversed; the record is remitted for the entry of an award.