# Rovere *v.* Interstate Cemetery Co., Inc., et al., Appellants.

234

Argued October 4, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*George H. Detweiler,* with him *George H. Class* and *Robert A. Detweiler,* for appellants.

*Joseph W. DeFuria,* for appellee.

OPINION BY HIRT, J., January 14, 1949:

In this workmen's compensation case both the referee and the board refused an award. On appeal, the lower court found that claimant was entitled to compensation and entered judgment in his favor as on an award. The question was one wholly of law and it was not necessary that the record be remitted for the entry of the only possible order under the court's ruling. *Apker v. Crown Can Co.,* 150 Pa. Superior Ct. 302, 28 A. 2d 551; *Buck v. Arndt,* 153 Pa. Superior Ct. 632, 34 A. 2d 823. The judgment will be affirmed.

The material facts, and there is no dispute as to any of them, are these: Claimant was a grave digger and general laborer in the employ of defendant. His duties for the most part involved heavy work. On the question of the injury, the board made this finding: "On September 26th, 1946 the claimant while digging a grave on the defendant's premises swung his pick into hard gravel and as he attempted to pull the pick out strained himself, felt a severe pain in the right groin, immediately felt a lump or a ball in the right groin, became sick and quit work immediately. He sustained a hernia as the result of the strain incurred while engaged in digging the grave." Claimant though 66 years old, was then in good health and in normal physical condition for a man of his age. He did not slip nor fall and though his duties were arduous the hernia was not caused by overexertion. Claimant was doing his usual work in the usual way. In compliance with the Amendment of May 18, 1945, §306(h) of the Workmen's Compensation Law, P. L. 671, 77 PS §515, claimant notified his employer of the occurrence within forty-eight hours. He

consulted his physician at once and the hernia later was reduced by surgery. Defendant argues that the claim is not compensable, contending that there is no proof of an accident and asks us to reverse the judgment on the authority of *Gausman v. Pearson*, 284 Pa. 348, 131 A. 247; *Adamchick v. Wyoming Val. Col. Co.*, 332 Pa. 401, 3 A. 2d 377; *Crispin v. Leedom & Worrall Co.*, 341 Pa. 325, 19 A. 2d 400, and kindred cases.

In *Davis v. Jones & Laughlin Steel Corp.*, 157 Pa. Superior Ct. 133, 42 A. 2d 83, we held that the claimant had sustained a compensable acute traumatic hernia under almost identical circumstances, on the principle that a compensable injury may occur in the course of the normal duties of an employe and without over-exertion, when a strain, sprain, or twist causes a break or sudden change in the physical structure or tissues of the body. We well might dispose of this appeal by saying that it is ruled in every aspect by the *Davis* case. But because of the reluctance of the compensation authorities to accept the holding, we will again refer to a few of the cases which demonstrate that this is no new doctrine but is settled workmen's compensation law in this State.

There can be no quarrel with the general principle of the cases, on which appellant relies, that disability overtaking an employe at work is not compensable unless it is the result of an accident, and to constitute an accident there must be some untoward occurrence aside from the usual course of events. In applying that rule we noted in *Buck v. Arndt*, supra, that the *Adamchick*, and like cases of our Supreme Court but "establish the principle (followed by us in Brodbeck v. W. F. Trimble & Sons, 150 Pa. Superior Ct. 299, 27 A. 2d 732, and Paydo v. Union Collieries, 146 Pa. Superior Ct. 385, 22 A. 2d 759), that when an employee, going about his work in the usual way, is overcome by a lesion *which may be the natural result of a pre-existing condition*

it cannot be said to have been unexpected or unforeseen, in the absence of proof it was caused by some accidental preceding means", e. g., slipping or falling. Cf. *Trau v. Preferred Accid. Ins. Co.*, 98 Pa. Superior Ct. 89. (Emphasis added.) The above principle in its proper application does not conflict in any way with the holding of the class of cases, to which the present claim belongs, that disability of a *normal, healthy workman,* with no physical weakness, other than is common to all men, may be compensable though the result of muscular strain or internal lesion in the performance of ordinary manual labor usual to the employe's work.

Cases of this kind are of the second type as classified by Mr. Justice STERN in *Parks v. Miller P. Mach. Co.,* 336 Pa. 455, 459, 9 A. 2d 742, consisting of those ". . . where the work or act performed by the employe is voluntary, and not marked by any abnormal or unusual feature, but where there occurs an unexpected and unusual pathological result; that is to say, where the accident resides in the extraordinary nature of the effect rather than in the cause." *Wolford v. Geisel M. & S. Co.,* 262 Pa. 454, 105 A. 831, was cited as illustrative of the principle. Wolford was a man in *good health.* While moving a piano in the course of his usual work, internal strain caused an abscess, followed by pneumonia and death. His death was held to be from accident and therefore compensable. The other cases, cited to the principle in the *Parks* case, involve the finding essential to an award in heat exhaustion cases, that the claimant was in good health when stricken. The classification of the *Parks* case has been adhered to by the Supreme Court. Cf. *Good v. Pa. Dept. of Prop. & Sup. et al.,* 346 Pa. 151, 30 A. 2d 434.

This Court has frequently applied the same principle. An award to the claimant in *Witt v. Witt's Food Market,* 122 Pa. Superior Ct. 557, 186 A. 275, was sustained on a finding of an accident which damaged his

heart. The claimant at the time was "well and healthy" and his injury resulted from strain in lifting a quarter of beef in the course of his usual work. In *Fye v. Baltimore & Ohio Railroad,* 133 Pa. Superior Ct. 550, 3 A. 2d 275, the decedent suffered an intra-abdominal hernia from strain in the performance of his usual duties. Compensation was allowed on findings of an accident, within the meaning of the statute, and of an injury not attributable to the natural progress of any disease. In *Orlandini v. Volpe Coal Company,* 145 Pa. Superior Ct. 129, 20 A. 2d 870, an apparently healthy coal miner suffered a femoral hernia from strain in moving a heavy rock. An award of compensation was affirmed. Similarly in *Camilli v. Penna. R. R. Co.,* 135 Pa. Superior Ct. 510, 7 A. 2d 129, we found an acute hernia compensable which resulted from lifting a weight not excessive in itself, but done in such a manner as to produce undue strain. In *Palermo v. N. East Preserving Wks. Inc.,* 141 Pa. Superior Ct. 211, 15 A. 2d 44, the claimant suffered a hernia from strain in lifting a case of tomato juice, in his usual work. An award of compensation was affirmed. So also, in *Gavula v. Sims Company,* 155 Pa. Superior Ct. 206, 38 A. 2d 482, an award was affirmed on a finding of a rupture of an intervertebral disk caused by claimant's prolonged stooping in a strained position at his work as a welder. In *Buck v. Arndt,* supra, the claimant, a carpenter, suffered injury to his heart from strain in lifting an ordinary piece of lumber. His heart had been in sound condition before the occurrence and was sound two months later. An award of compensation on a finding of accidental injury was affirmed.

The cases applying the principle (almost without exception prior to the *Adamchick* case) are not all consistent with those cited above. But in referring to them our Supreme Court in the *Good* case, supra, p. 156,

said: "While the language of some of them may indicate that an aggravation of a pre-existing disease or subnormal condition, incurred by an employee performing labor in the usual manner, constitutes an accident, they are, in view of our subsequent decisions in the Adamchick and Crispin cases, no longer authoritative." To the same effect is *Rathmell v. Wesleyville Borough*, 351 Pa. 14, 40 A. 2d 28.

There is inherent difficulty in the problem of dealing justly with claimants seeking compensation for disability from hernia. But there is nothing in the hernia amendment of 1945, supra, indicative of a legislative intent to disturb the rule of the second type of claims of *Parks v. Miller P. Mach. Co.*, supra. The inference is quite the reverse, namely, that the intent of the 1945 Act was not only to remove the unrealistic presumptions, prescribed by the amendment of June 21, 1939, P. L. 520, but also to place hernias in the same class with other internal lesions and to make them compensable when suffered from strain by one in healthy, normal physical condition, though in the performance of his usual duties. Physical weakness, common to all men, making one susceptible to hernia is a normal physical condition and does not in itself bar compensation, *Davis v. Jones & Laughlin Steel Corp.*, supra, and descent of the hernia may come in its gradual development after the strain which caused it and still be compensable under the 1945 amendment, if notice of the occurrence is given to the employer within forty-eight hours. The only other requirement of the law, in a case such as presented in the instant appeal, is a finding of an accident supported by strict proof, clearly and logically indicating it. The board here so found upon admitted facts.

Judgment affirmed.