## Cole *v.* Keystone Public Service Co.
### (Liebtag, Appellant).

Argued April 14, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*S. A. Sisson,* with him *John J. Kennedy,* for appel-
lant.

*D. J. Skelly,* of *Skelly & Mogilowitz,* for appellee.

OPINION BY CUNNINGHAM, J., September 29, 1937:
On July 20, 1935, George A. Cole, while in the course
of his employment as an electrician by the Keystone
Public Service Company, at a weekly wage of $33.60,
was accidently killed; his dependents are his widow,
Virginia Cole, and a son by a former marriage, George
LeRoy Cole, born in May, 1924; the son is living with
his grandmother, Catherine Liebtag, who has been ap-
pointed his guardian and is the appellant herein.

The sole question involved upon this appeal in behalf
of the son relates to the division, as between him and
the widow, of the compensation payable, under the pro-
visions of Section 307 of the Workmen's Compensation

Act of June 2, 1915, P. L. 736, as finally amended by the Act of April 26, 1929, P. L. 829, 77 PS Sections 542 and 561.

Speaking generally, compensation is payable under the statute to a widow during a period of three hundred weeks and to a child until it reaches the age of sixteen; separate claim petitions were filed in this case. The provisions of the section involved under the divergent conclusions of the compensation authorities and the court below read:

"1. If there be no widow nor widower entitled to compensation, compensation shall be paid to the guardian of the child or children, or, if there be no guardian, to such other persons as may be designated by the board as hereinafter provided, as follows:

"(a) If there be either one or two children, thirty-three per centum of wages of deceased, but not in excess of seven dollars and fifty cents per week.......

"2. To the widow or widower, if there be no children, forty-four per centum of wages, but not in excess of ten dollars per week.

"3. To the widow or widower, if there be one child, fifty-five per centum of wages, but not in excess of twelve and a half dollars per week."

The referee, as one of his conclusions of law, held that the widow "is entitled to compensation as provided in Section 307,......for a dependent widow, but is not entitled to compensation for George LeRoy Cole, son of the decedent." As the boy was not living with or maintained by the widow this conclusion was correct as an abstract proposition, but it was not properly applied to the facts. The referee then made an award to the widow, apparently under paragraph 2, applicable to a widow "if there be no children," and as the forty-four per centum of wages therein specified exceeded the maximum allowance, her award was fixed at $10.00 per week for a three hundred weeks' period.

In addition, he made a separate award to the guardian of the son under sub-division (a) of paragraph 1, applicable to cases in which there is neither widow nor widower, but "either one or two children." As the thirty-three per centum of the wages, therein fixed, exceeded the maximum allowance, this award was limited to $7.50 per week until the son should arrive at the age of sixteen years. These awards—first, to the widow, of the amount she would have received had there been no surviving child, and second, to the son, of the amount he would have received if there had been no widow—are obviously wrong, because this is a case in which there is a widow and one child. It therefore falls under paragraph 3, which provides for an award, prima facie to the widow, of "fifty-five per centum of wages, but not in excess of twelve and a half dollars per week."

Upon appeal by the employer to the board, that tribunal realized that the awards as made by the referee could not be sustained, because paragraph 3 imposes a maximum liability of only $12.50 per week upon the employer where the employee leaves a widow and one child, but the awards of the referee aggregated $17.50 per week. The board undertook to make its own apportionment of the maximum weekly amount and, being of opinion that an award of $2.50 per week was inadequate for the child in this particular case, concluded that "a division on a fifty-fifty basis would be equitable, fair and just to both the widow and the son." It accordingly awarded $6.25 per week to the widow and the same amount to the guardian of the son.

Upon the appeal of the widow to the court below, the learned president judge thereof pointed out in his opinion that the case could not be disposed of upon a basis of what the board or the court might feel to be equitable, but must be determined in accordance with the provisions of the statute.

He then construed the statute to mean that a widow should, in any event, (i. e. whether there were or were not children, and if so, whether they lived with her or elsewhere) receive compensation at the weekly rate of not less than forty-four per centum of her deceased husband's wages—but not exceeding $10.00 per week. If the employee should also be survived by a child or children, provision was made toward their maintenance, not by dividing any part of the forty-four per centum of wages between the widow and the child or children, but by adding an additional eleven per centum in the case of one child, or an additional eighteen and one half per centum for two children, etc. Ordinarily, these supplemental amounts were to be paid to the widow upon the assumption that children under sixteen years of age would be living with and maintained by her. The contingency of a child living and being maintained elsewhere was met by a provision authorizing the board to direct that the additional percentage prescribed for it be paid to its guardian. Applying this construction to the present case, the court below, in effect, modified the award of the board by increasing the amount payable thereunder to the widow to $10.00 per week and reducing the amount payable to the guardian of the son to $2.50 per week.

Challenging this ruling, the guardian now asks us in the alternative to either reinstate the awards of the board or allow $7.50 per week to the minor and only $5.00 to the widow. It is argued that where, as here, the whole amount is not to be paid to the widow the board had authority to take into consideration the necessities of the child and make such division of the total amount of compensation due from the employer as it deemed equitable. In our opinion this contention cannot be sustained; we agree with the conclusion reached by the court below.

In *McCaney v. Maple Glen Coal Co.*, 281 Pa. 298, 126

A. 720, the question at issue was whether an award to an alien widow was divisible as between herself and the guardian of her children. In permitting the division, our Supreme Court quoted with approval the following excerpt from the opinion of the court below:

"The Workmen's Compensation Act of 1919, section 307, provides, that 'The board may, if the best interest of a child or children shall so require, at any time order and direct the compensation payable to a widow or widower on account of any child or children to be paid to the guardian of such child or children,' etc. It seems very plain, this recognizes that a part of the money given to a widow where there are children is payable 'on account' of the children, and in the cases where sixty per cent is payable, forty to a widow without children and sixty to a widow where there are three children ......, that this twenty per cent is what is referred to in the act as the compensation payable on account of the children; and, as the act expressly authorizes this to be paid to a guardian, and the children [involved in this appeal] are admittedly not aliens, we are unable to see why the guardian, or person who has to take care of [them] instead of the widow, ...... should not receive the whole of that portion."

The problem has also been considered by this court in *DiLorenzo et al. v. Carnegie Steel Co.*, 91 Pa. Superior Ct. 64. In that case the employee left a widow and three children; a compensation agreement was entered into between the widow and the employer for the payment to her of $12.00 per week, or sixty per cent of the employee's weekly wage, for herself and the children, that being the maximum amount payable under the statute, as then in effect. After compensation had been paid for a period, the widow and the children secured a partial commutation for the purpose of paying off a mortgage, and the weekly payments were correspondingly reduced. Subsequently the widow remarried, whereupon the

employer asked the board to modify the compensation agreement accordingly. As stated by this court, the question at issue was how much was to be paid the guardian of the children for the remainder of the statutory period. To ascertain this amount, it was necesssary to determine first how much of the commuted payment should be chargeable against the weekly payments the children would otherwise receive. We there stated that had there been no children, the widow would have received forty per centum of the employee's weekly wage; but that by reason of having three children, she received sixty per centum of the wage. We then adopted as the basis for computation the statement in the McCaney case that the difference between sixty and forty per centum, or twenty per centum, "is what is referred to in the act as the compensation payable on account of the children." This ratio in turn was used in determining what portion of the commuted payment was to be charged against the respective parties.

It would therefore seem that the proper basis of division has already been indicated by the decisions and that the decision of the court below is in accord therewith. In other words, where the board determines, under the authority given it by the statute, that it will be for the best interests of the children that their share should be paid, not to the widow but to a guardian, the latter is to receive on behalf of the children the difference between what would otherwise have been paid to the widow and what she would have received, had there been no children.

The appellant and the board seek to distinguish the McCaney case on the ground that the rule there set forth applies only where children live with the mother and the mother has their care. Not only was such a distinction not made the basis of that decision, but it, in fact, did not exist, since it appears upon the face of the opinion that the court of the county where the parties

were living had determined that the mother was not the proper person to have charge of her children and had appointed a guardian for them. It is also argued that these cases merely establish the minimum amount of the child's share and leave the maximum amount to be determined in accordance with the facts of each case. We do not so read them. It was as necessary to fix the amount of the award to the children in the DiLorenzo case as it is here. Moreover, if the matter now came before us for the first time, we would reach the same conclusion under the provisions of the statute.

It is true that this child would have received $7.50 per week if there had been no widow, but it does not follow that the legislature intended he should receive the same amount where there is a widow and the total award is to be divided. Manifestly, the legislature merely felt that where there is no widow it might, without imposing an undue burden upon the employer, make a more generous provision for children.

The reference in the opinion of the board to certain physical infirmities of the child and a constant need for medical attention cannot be permitted to affect the legal conclusion. Appellee states there was no testimony before either the referee or the board as to these alleged facts. No such evidence appears in the printed record. Apart from this fact, however, we see no reason why these circumstances, even if true, should diminish the award to the widow. Primarily, the total award is to go to her. If she had custody of the child, she would have received only $2.50 more per week, whether the child needed medical attention or not. Under our conclusion, the same additional sum now goes to the guardian of the child.

An examination of the record discloses that the president judge of the court below neglected to enter judgments in favor of the widow and the guardian of the son and against the employer upon the awards of the

board, as modified by his opinion. Judgments should have been entered in accordance with the principles announced by this court in *Graham v. Hillman Coal & Coke Co.*, 122 Pa. Superior Ct. 579, 186 A. 400, and *Kessler v. North Side Packing Co.*, 122 Pa. Superior Ct. 565, 186 A. 404.

The record is remitted to the court below with instructions to enter judgments upon the respective awards as modified by it.