Harvey *v.* Philadelphia Warehouse & Cold Storage Co. et el., Appellants.

Argued March 20, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Louis Wagner,* with him *Robert C. Kitchen* and *Richard A. Smith,* for appellants.

*LeRoy Comanor,* with him *Edward Davis,* for appellee.

OPINION BY HIRT, J., July 20, 1950:

In this proceeding brought by claimant for hernia from accident, both the referee and the board refused compensation. The single question before the lower court was wholly of law. In our view the court properly reversed the board and directed the entry of an award.

There is no dispute as to the facts. Claimant was a stationary engineer. The duties of his employment included the inspection of the drums of the boilers in defendant's warehouse, before firing. On March 19, 1948, while backing out of a drum in a necessarily awkward position he missed his footing on the top step of the ladder behind him and slipped to a lower rung or step of the ladder. The strain of recovering his footing on the ladder caused an immediate pain in his groin which later became intense, accompanied by nausea. Claimant reported his condition to his superior at once and be-

cause of his obvious disability was sent to his home in the company of a fellow workman. There he was examined by his physician and was immediately sent to a hospital where on the same evening he was operated on for a strangulated right femoral hernia. The following day defendant was informed by notice to its chief engineer that claimant had undergone a hernia operation the night before.

It is conceded also that claimant actually suffered an accident in slipping on the top of the stepladder. But it is also clear, as the referee and board found, that "no notice of any accident resulting in a hernia was given the defendant by claimant until May [2, 1948] when claimant returned to work". Section 306(h), added to the Workmen's Compensation Act in 1939, as amended by the Act of May 18, 1945, P. L. 671, 77 PS §515, provides: "Where claim is made for hernia, claimant must notify the employer or a representative of the employer within forty-eight hours after the occurrence of the accident". Immediately after the *occurrence* the defendant employer had notice that claimant had been suddenly stricken, and within 24 hours the employer was also notified that the cause of claimant's resulting total disability was a hernia. Because the notices to defendant, which were given within the period prescribed by the statute, did not spell out *accident* as the cause of the hernia the board refused an award. We agree with the lower court that in so doing the board construed §306(h) too narrowly. The order will be affirmed.

The original hernia amendment of April 13, 1927, P. L. 186 and its reënactment in substance, in §306(h) of the Act of June 21, 1939, P. L. 520, considered hernia as a physical weakness or ailment which ordinarily develops gradually. Both Acts sought to rule out every spurious claim where the hernia was not in fact the result of accident in the course of employment. In substantially the same language and without change of

intent (*Drumbar v. Jeddo-Highland Coal Co.*, 155 Pa. Superior Ct. 57, 37 A. 2d 25) both Acts made hernia compensable only where the hernia was at once precipitated and the descent, accompanied by severe pain, followed the cause immediately. The only new provision in the 1939 amendment was the added limitation that "immediate cessation of work" because of the severity of the pain, was necessary to make a hernia compensable. Both Acts in identical language provided that notice be "communicated to the employer or a representative of the employer within forty-eight hours after the occurrence of the accident". But neither Act specifically required notice of the *accident* which caused the hernia.

The 1945 amendment eliminated the statutory presumptions of fact, set up by the prior amendments of 1927 and 1939, that hernia generally is a gradual development from causes other than accident (Cf. *Davis v. Jones & Laughlin Steel Corp.*, 157 Pa. Superior Ct. 133, 42 A. 2d 83) and in effect removed the distinction between hernia claims and those based on other classes of compensable disability from accident. It undoubtedly was the intention of the legislature in this amendment to liberalize the compensation law as to claims for hernia by removing the restrictions of the former amendments. Certainly an employer is entitled to notice of an accident upon which a claim for compensation is based but there is no good reason for requiring notice of an accident causing hernia, within a shorter period than where the accident results in other compensable injury. Under §311 of the 1939 Act a claimant in general has 90 days in which to give notice of accident. To shorten the notice period to 48 hours, in the case of hernia accidentally incurred, would without reason defeat many valid compensable claims for hernia. The strain causing the hernia may constitute an accident in a legal sense even though the workman may not so regard it at the time because

of the absence of external violence to his body. In that connection it may be noted that failure of any one of the claimants to recognize an accident in the not unusual strain which precipitated the hernia, in such cases as *Camilli v. Penna. R. R. Co.*, 135 Pa. Superior Ct. 510, 7 A. 2d 129; *Davis v. Jones & Laughlin Steel Corp.*, supra; *Rovere v. Interstate Cemetery Co.*, 164 Pa. Superior Ct. 233, 63 A. 2d 388, and to give notice of the accident to his employer within 48 hours would have defeated his claim under the construction of the Act for which appellant contends. That was not the intention of the legislature and clearly so, if the principle be invoked that Workmen's Compensation legislation must be liberally construed. *Wilkinson v. United Par. Serv. et al.*, 158 Pa. Superior Ct. 22, 43 A. 2d 408.

We agree with the lower court that "The act, construed in the historical development of the various amendments, . . . supports but one possible interpretation. The notice required under the provisions of the amendment of 1945 is notice of a hernia" within 48 hours after the *occurrence* of the accident and not notice of the accident itself. With notice of the hernia an employer ordinarily has the means of ascertaining the circumstances under which it was suffered by the workman if in the course of his employment. And in every case the burden will be on the claimant in a compensation proceeding to establish an acute hernia and to prove the accident which caused it.

Order affirmed.