Custer *v.* Reitz Coal Co., Appellant.

596

Argued November 9, 1953. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Robert G. Rose,* with him *Francis A. Dunn, Paul E. C. Fike, Joseph N. Cascio,* Associate Counsel, and *Fike & Cascio,* for appellants.

*Harold Kaminsky,* with him *William P. Kelly,* for appellee.

OPINION BY GUNTHER, J., December 29, 1953:

The sole question in this appeal is whether a. grandmother standing in loco parentis to a deceased employe is entitled to death benefits under The Workmen's Com-

pensation Act. The deceased was killed during the course of his employment in a coal mine. He had lived with the claimant, his grandmother, since he was one month old and was her sole means of support. He was unmarried and had no other dependents. The referee denied compensation but the Board set aside the referee's conclusion of law and awarded compensation in an appropriate amount. The court below affirmed the Board and the defendants have appealed.

The applicable portion of The Workmen's Compensation Act of 1915, June 2, P. L. 736, Art. III, Sec. 307, as amended 1949, May 14, P. L. 1369, Sec. 1, 77 PS 561, provides: "In case of death, compensation shall be computed on the following basis, and distributed to the following persons: . . . 5. If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, twenty-five per centum of wages, but not in excess of seven dollars and fifty cents per week: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the accident, the compensation payable to such father or mother shall be forty-five per centum of wages, but not in excess of thirteen dollars and seventy-five cents per week."

The Workmen's Compensation Act must be liberally construed to achieve its broad humanitarian purpose. *Harvey v. Philadelphia Warehouse & Cold Storage Co.,* 167 Pa. Superior Ct. 435, 74 A. 2d 815. The word "mother" is not defined in the act and therefore becomes a question of statutory construction for the court. In line with the policy of liberal construction, this court in *Ottavi v. Timothy Burke Stripping Co.,* 140 Pa. Su-

perior Ct. 389, 14 A. 2d 188, construed the term "mother" to include an adoptive mother. That case differed in its facts from this one only in that there the mother went through formal adoption proceedings. Otherwise the rationale of the *Ottavi* case is applicable here, and that rationale depended on the common sense meaning of "mother" in light of the purposes of the Act.

"The Workmen's Compensation Act was designed to aid those relatives of the deceased who were dependent upon and relied upon the support and aid of the decedent." *Glenn v. State Workmen's Insurance Fund,* 133 Pa. Superior Ct. 121, 2 A. 2d 32. The enumeration in the Act of those entitled as claimants is to a great extent for the purpose of establishing priority of right. It is evident that the limitation of those entitled to claim to spouses, children, parents, and brothers and sisters was intended to limit rights to those standing in a normal family relationship. This purpose is further revealed by the provision of the Act which states that "child" shall include stepchildren, adopted children and children toward whom the decedent stood in loco parentis, if dependent on decedent for support. The intent is clearly to compensate those in a filial relationship.

The term "mother" has infinitely more meaning than merely indicating the woman who bore the child. It embraces the conception of tender, loving care and mutual affection commonly found between mother and child, and the rights, duties and liabilities normally incident to such a relationship. All the usual incidents were proven to have been present between this decedent and the claimant, except that claimant did not give birth to him. To deny compensation here would defeat the spirit and basic purpose of the law by adhering to a technical definition. In the circumstances of

this case we hold that this claimant, though the grandmother of the decedent, stood in that relationship of parent and child as to bring her within the categories set forth and intended by The Workmen's Compensation Act.

Judgment affirmed.