## Coveleski v. M. A. Hanna Co.

Thomas E. Kennedy, Jr., for claimant.

Robert McK. Glass and Bedford, Waller, Griffith, Darling & Mitchell, for defendant.

PER CURIAM, February 11, 1957.—Claimant, Stella, Coveleski, stepmother of John Coveleski, filed her claim petition for compensation and the workmen's compensation board referred the same to a referee who, after hearing, found that decedent suffered an accidental injury resulting in his death, while in the course of his employment with defendant, and that claimant was fully dependent on decedent and entitled to compensation. While the referee found claimant fully dependent upon decedent, he awarded her compensation at the rate of $9 per week, which is the proper compensation for partial dependency.

Defendant appealed to the workmen's compensation board which, in turn, affirmed the findings of fact, conclusions of law and award to claimant but held that claimant was only partially dependent on decedent. However, since the referee had erroneously awarded the sum of $9 per week, which is the proper compensation for partial dependency, the board upheld the referee's monetary award. Defendant appealed to this court from the decision of the board dismissing its appeal. Argument was had before the court en banc and we have the matter before us for disposition.

The facts in this case are not in controversy. The

record discloses that decedent was fatally injured in an accident which occurred May 5, 1952, while he was in the employ of defendant. It also reveals that claim-ant is decedent's stepmother, she having married the father of decedent when decedent was eight years of age. Claimant raised him and he was living in her home at the time of his death. Decedent furnished all the support to his stepmother, she having testified that he contributed everything toward the expense of food, light, water and everything else she had and turned over to her $40 to $50 of his paycheck, depending on his earnings. Decedent was 51 years of age at the time of his death and at the time of the hearing claimant was 73 years of age. Decedent was unmarried and had no other dependents.

The record further discloses that decedent's father died in 1939 and after the father's death, decedent paid all the household bills. Claimant has children of her own, including two unmarried daughters who are employed but who have not contributed toward the support of their mother because of an agreement among them that decedent would support her.

The applicable portion of The Workmen's Compensation Act of June 2, 1915, P. L. 736, art. III, sec. 307, as amended, January 2, 1952, P. L. (1951) 1803, sec. 2, 77 PS §561, provides: "In case of death, compensation shall be computed on the following basis, and distributed to the following persons: . . . (5) If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, twenty-five per centum of wages, but not in excess of nine dollars per week: Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed: And provided further, That if the father or mother was totally dependent upon the deceased employe at the time of the accident, the compensation

payable to such father or mother shall be forty-five per centum of wages, but not in excess of sixteen dollars and fifty cents per week".

Dependency being admitted, the sole question involved in this appeal is whether "mother", as used in the portion of the statute quoted above, may be construed to include a stepmother as well as a natural mother.

Apparently, this question has never been passed upon by either appellate court of this State. In 1919 the Court of Common Pleas of Schuylkill County held that the word "father" as used in The Workmen's Compensation Act of 1915 did not include the word "stepfather". See Barry v. Coal & Iron Co., 47 Pa. C. C. 356. In that case the court held that the word "father" signifies him by whom a child is begotten and that the legislature in using the word "father" used the word meaning the natural father. Other cases, decided by the board, have held that an aunt standing in loco parentis (Hamilton v. Quemahoning Coal Co., 10 W. C. B. 63-1925) and a grandmother in loco parentis (Denby v. Sun Shipbuilding Co., 10 W. C. B. 458-1925) are not dependents within the meaning of the act. In Concetta & Gaetano Andrioli v. Sun Shipbuilding & Dry Dock Co., 30 Dept. Rep. 251 (1944), the board held that an aunt and uncle of a deceased employe did not qualify as dependents and held that a stepfather is not entitled to recover compensation for the death of his stepson and further that persons standing in loco parentis to a child may not recover compensation for the death of the child unless they qualify as "mother" and "father".

It is well settled that The Workmen's Compensation Act must be liberally construed to achieve its broad humanitarian purpose: Harvey v. Phila. Warehouse & Cold Storage Co., 167 Pa. Superior Ct. 435. Since the word "mother" is not defined in the act, it becomes a question of statutory construction for the court.

Words which are not defined by The Workmen's Compensation Act itself must be taken in their popular sense if not contradictory to the object and intention of the lawmakers: Carville v. Bornot & Co., 288 Pa. 104; Ottavi v. Timothy Burke Stripping Co., 140 Pa. Superior Ct. 389.

In Ottavi v. Timothy Burke Stripping Co., supra, the Superior Court construed the term "mother" to include an adoptive mother. In further application of the policy of liberal construction of The Workmen's Compensation Act, the same court in Custer v. Reitz Coal Co., 174 Pa. Superior Ct. 595, held that a grandmother standing in loco parentis to a deceased employe is entitled to death benefits under section 307 of The Workmen's Compensation Act, supra. The decisions in both of these cases clearly show that in applying the provisions of The Workmen's Compensation Act, we do not confine ourselves to the primary definition of the term "mother" as meaning one who has given birth to another, but recognize that the term "mother" as it has come to be used in ordinary speech connotes a social relationship rather than a biological process. As was so ably stated by Judge Gunther in the opinion of the Superior Court in Custer v. Reitz Coal Co., supra, the term "mother" has infinitely more meaning than merely indicating the woman who bore the child. It embraces the conception of tender, loving care and mutual affection, commonly found between mother and child, and the rights, duties and liabilities normally incident to such a relationship.

In this case, the record discloses that claimant became the stepmother of decedent when he was but eight years of age, that for a period of 43 years they lived together in the same household and since the death of the father of decedent in 1939, decedent, in fact, fully supported claimant. That there must have been a great deal of love and affection between them is strongly indicated by reason of the fact that claim-

ant had agreed to fully support his stepmother even though she had children of her own who were in a position to furnish some of her maintenance. Conceivably claimant was the only mother that decedent had ever known. All of the usual incidents pertaining to the relationship of mother and child are present between this decedent and claimant, except that claimant did not give birth to him.

As a practical matter, there are frequent situations where a stepparent has had more to do with the rearing of a child than his or her own natural parents and as a practical matter consider each other in all respects as mother and son. The record clearly discloses that there was the relationship of parent and child in this case for a period of approximately 43 years.

We are of the opinion that the rationale of the Ottavi case, supra, and of Custer v. Reitz Coal Co., supra, are applicable here. As was so ably stated in the Custer case, supra: " 'The Workmen's Compensation Act was designed to aid those relatives of the deceased who were dependent upon and relied upon the support and aid of the decedent': Glenn v. State Workmen's Insurance Fund, 133 Pa. Superior Ct. 121, 2 A. 2d 32. The enumeration in the act of those entitled as claimants is to a great extent for the purpose of establishing priority of right. It is evident that the limitation of those entitled to claim to spouses, children, parents, and brothers and sisters was intended to limit rights to those standing in a normal family relationship. This purpose is further revealed by the provision of the act which states that 'child' shall include stepchildren, adopted children and children toward whom the decedent stood in loco parentis, if dependent on decedent for support. The intent is clearly to compensate those in a filial relationship".

While the principle that The Workmen's Compensation Act is to receive a liberal construction does not

justify judicial extension of the terms of such a statute to embrace beneficiaries not named or comprehended therein, nevertheless it is the duty of the court to give full effect to the legislative purpose and to give, not niggardly, but generously, all the meaning the legislature intended. When the design of the legislature is not clearly apparent, it is always to be presumed that a statute was intended to have the most reasonable and beneficial operation that its language permits: Ottavi v. Timothy Burke Stripping Co., supra.

To deny compensation in this case would defeat the spirit and basic purpose of the law by adhering to a technical definition. The county court in Barry v. Coal & Iron Co., supra, and the board in its several decisions in holding that the term "mother" does not include a stepmother, have placed a too narrow construction on the use of the terms "mother" and "father". The Superior Court has given the terms a more liberal construction and we are of the opinion that under the circumstances in this case, claimant, though the stepmother of decedent, stood in that relationship of parent and child as to bring her within the categories set forth and intended by The Workmen's Compensation Act.

### Order

And now, to wit, February 11, 1957, defendant's exceptions and appeal from the award of the workmen's compensation board are dismissed, the award of the workmen's compensation board is hereby affirmed and judgment is directed to be entered in favor of claimant, Stella Coveleski, and against M. A. Hanna Co., Nanticoke, as defendant. The form of definitive judgment is to be prepared by counsel for claimant, submitted for approval to counsel for defendant and then to the court for signature. Let an exception be noted for defendant.