**Luke K. SNADER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Arthur A. Brenize Trucking), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 4, 2001.
Decided May 15, 2001.

Bradley Bolinger, Chambersburg, for petitioner.

Richard F. Faux, Harrisburg, for respondent.

Carolyn M. Anner, Harrisburg, for intervenor, Tracy Snader.

Before FRIEDMAN, J., FLAHERTY, Senior Judge, and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

Luke K. Snader (Claimant) petitions for review of that portion of a May 3, 2000 order of the Workers' Compensation Appeal Board (WCAB) which affirms the decision of the workers' compensation judge (WCJ) to deny Claimant's review petition.[1] In the review petition, Claimant sought an increase in survivors' benefits.

Wayne Kenneth Snader (Decedent) died in a motor vehicle accident on May 10, 1995, while in the course and scope of his employment at Arthur A. Brenize Trucking Services (Employer). At the time of his death, Decedent had an average weekly wage of $378.15. Decedent was survived by a widow, Tracy Snader (Widow), and one minor child, a son Luke (Claimant). Claimant was born in 1987 and has resided with his birth mother, Joyce L. Kauffman (Claimant's Mother), since 1991, when Decedent and Claimant's Mother separated. (WCJ's Findings of Fact, Nos. 1–5.)

On or about June 30, 1995, as a result of Decedent's death, Employer's workers' compensation insurance provider (SWIF) agreed to pay Widow fatal claim benefits at a weekly rate of $192.86, representing fifty-one percent of Decedent's average weekly wage.[2] (WCJ's Findings of Fact, Nos. 6, 14.) On September 30, 1996, Claimant filed his fatal claim petition, seeking benefits based upon his dependency upon Decedent. Originally, SWIF contested Claimant's entitlement to benefits under the fatal claim petition because Claimant did not reside in the same home as Decedent at the time of his death. However, at a hearing on Claimant's fatal claim petition, Claimant's Mother testified about the degree of dependence Claimant had on his father,[3] and, subsequently, SWIF accepted that Claimant was partially dependent on Decedent at the time of his death.[4] In a letter dated April 7, 1997,

---

1. The WCAB order also affirmed the WCJ's decision to grant Claimant's fatal claim petition and Claimant's joinder petition.

2. Widow was to receive payments beginning on May 5, 1995 and continuing until she remarries, at which time she will receive a lump sum payment of 104 weeks of compensation as final payment. (WCJ's Findings of Fact, No. 6.)

3. Based on the credible testimony of Claimant's Mother, the WCJ found that, in October 1992, Claimant's Mother and Decedent entered into a custody agreement which was incorporated into a custody order by the Cumberland County Court of Common Pleas. Subsequently, on their own, Decedent and Claimant's Mother modified the custody order to allow Decedent more liberal visitation with Claimant. Decedent never missed any scheduled visitations, during which he and Claimant enjoyed numerous activities paid for by Decedent. Decedent also purchased many toys and items of clothing for Claimant and contributed toward the cost of other special activities and events as they arose. In addition, under a child support order, Decedent paid $50.00 weekly for Claimant's support and maintained Claimant as a dependent on Decedent's health insurance coverage at work. Without Decedent's contribution, Claimant's Mother would have been unable to make it through the week feeding and clothing Claimant. (WCJ's Findings of Fact, Nos. 8–12.)

4. In July 1997, believing the matter to be settled, Claimant's counsel requested that Claimant's fatal claim petition be marked "withdrawn," and the WCJ entered an order to that effect. However, when Claimant and SWIF disagreed on the percentage rate of Claimant's survivor benefit, Claimant requested vacation of the withdrawal order; thus, at Claimant's request, the claim petition remained open.

SWIF agreed to assume responsibility for payment of survivors' benefits to Claimant at the rate of nine percent of Decedent's average weekly wage.[5] (WCJ's Findings of Fact, No. 7; *see also* WCJ's Conclusions of Law, Nos. 3, 5.)

On October 16, 1997, Claimant filed a review petition, contending that the agreement's existing allocation of the sixty percent cap on compensation benefits, i.e., fifty-one percent of the benefits going to Widow and only nine percent going to Claimant, was erroneous. Claimant sought modification of the agreement to reflect a payment of thirty-two percent to Claimant and the remaining twenty-eight percent to Widow.[6] On January 22, 1998, Claimant also filed a petition seeking to join Widow as an indispensable party to the proceedings. The WCJ consolidated the petitions for resolution.[7]

On August 31, 1998, the WCJ issued a decision granting Claimant's fatal claim petition and Claimant's joinder petition. However, the WCJ denied Claimant's review petition for an increase in fatal claim benefits. In doing so, the WCJ stated:

4. Pursuant to Section[s] 307(2) [and (3) ] of the Act, 77 P.S. § [§ ]561(2) [and (3) ]:

In case of death, compensation shall be computed on the following basis, and distributed to the following persons:

Provided, That in no case shall the wages of the deceased be taken to be less than fifty per centum of the State-wide average weekly wage for purposes of this section:

2. To the widow or widower, if there be no children, fifty-one per centum of wages, but not in excess of the State-wide average weekly wage.

3. To the widow or widower, if there be one child, sixty per centum of wages, but not in excess of the statewide average weekly wage.

5. Employer is responsible for payment of compensation for survivors' benefits to Claimant as a result of his father's work-related injuries and death at the rate of nine (9%) per cent of the Decedent's average weekly wage.

(WCJ's Conclusions of Law, Nos. 4–5.)

Claimant appealed the denial of his review petition to the WCAB, arguing that it was unsupported by the evidence. Claimant also contended that the WCJ did not issue a well-reasoned decision in that he failed to make any findings regarding the review petition or provide any reasons for his denial. The WCAB affirmed the WCJ's decision in its entirety, and Claimant now petitions this court for review.[8]

Claimant contends that neither the WCJ nor the WCAB have addressed the unique issue he presents, that is, how should

---

5. Claimant's benefits were to begin on May 10, 1995 and continue until his eighteenth birthday or, if Claimant was continuing his education, until his twenty-third birthday. (WCJ's Findings of Fact, No. 7.)

6. In the argument portion of his brief, Claimant appears to have abandoned this distribution request and suggests that he and Widow each receive benefits equal to thirty percent of Decedent's average weekly wage. (*See* Claimant's brief at 6, 11.)

7. In addition to Claimant's three petitions, SWIF filed a review/termination petition with

respect to Widow's benefits, alleging that Widow has maintained a meretricious relationship. This matter has not yet been decided by the WCJ and is not a part of the present case before this court.

8. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

workers' compensation fatal claim benefits be distributed when a decedent is survived by a widow and minor child, but the child is unrelated to the surviving widow and does not live with her.[9] Claimant now asks us to consider the question, maintaining that the WCJ and WCAB erred in allocating fifty-one percent of Decedent's average weekly wage to his surviving widow and allocating the remaining nine percent to Claimant, Decedent's surviving son.[10] We disagree.

Compensation due to the work-related death of an employee is computed and distributed pursuant to section 307 of the Workers' Compensation Act (Act).[11] Claimant acknowledges that, under subsection 307(3) of the Act, 77 P.S. § 561(3), when a decedent is survived by a spouse and one child, a maximum of sixty per cent of the decedent's average weekly wage will be paid in fatal claim benefits *to the widow or widower.* However, Claimant contends that this provision assumes that the surviving spouse and child live together and, thus, does not address the situation here, where the surviving widow is not the mother of the surviving child and the two live in separate residences. Claimant contends that, under these circumstances, the payment schedule is patently unfair and extremely deficient with respect to Claimant's needs. As proof of this assertion, Claimant points out that the $34.04 currently being paid weekly by SWIF does not cover even the $50.00 in child support formerly paid by Decedent, much less make up for the insurance coverage and extra financial support that Claimant received from his father. Thus, Claimant suggests that a far more equitable distribution of the maximum sixty per cent allotment would provide half of that amount to each party, entitling each to receive thirty percent of Decedent's average weekly wage. However, even assuming the merit of Claimant's equity argument, we must agree with the WCAB that Claimant's contention that the WCJ improperly denied his petition for increased survivors' benefits has no basis in the Act or in case law.

The WCAB, suggesting that this is a

---

**9.** Claimant maintains that the WCJ and WCAB failed to address the issue in their respective decisions, and, instead, they simply dismissed Claimant's review petition without providing any reason for doing so. Indeed, according to Claimant, there is no indication that either the WCJ or the WCAB even understood that Claimant was not Widow's son and did not reside with her. We disagree. Although their dismissal of Claimant's review petition was brief, a reading of their respective opinions indicates that both the WCJ and the WCAB obviously understood the situation and addressed it. However, both the WCJ and the WCAB concluded that application of the relevant statutory provision precluded a decision in Claimant's favor as a matter of law.

**10.** Claimant includes two additional issues in his statement of questions presented, specifically, (1) whether the WCJ's decision was supported by substantial competent evidence and (2) whether the WCJ issued a well-reasoned decision with regard to the denial of Claimant's review petition. With respect to the first of these issues, we note that Claimant has not challenged any of the WCJ's findings of fact as unsupported by the record evidence; in fact, Claimant himself does not treat this as a separate issue but merely a different way of expressing the legal issue he raises here. As to the second of these issues, we agree that the WCJ did not provide a detailed description of his thought process; rather, the WCJ merely recounted the governing statutory provision and stated his legal conclusion based on that statute. Nevertheless, this terse treatment of the matter is adequate for us to review the case because the issue here is not a question of facts but one of law and, as such, is fully reviewable by this court.

**11.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 561.

case of first impression,[12] obtains guidance from our supreme court opinion in *Anderson v. Borough of Greenville*, 442 Pa. 11, 273 A.2d 512 (1971), which stated the following regarding benefits to dependents following a fatal claim.

> Children, as provided in § 307, 77 P.S. § 561, are entitled to compensation in their own right only when the deceased is not survived by an eligible widow. When such a widow exists, the existence of the children serves to generate a larger compensation payment to the widow. The children, however, in such a situation, have no right of their own to recover compensation. Cole v. Keystone Public Service Co., 128 Pa.Super. 489, 194 A. 237 (1937).

*Anderson*, 442 Pa. at 15, 273 A.2d at 514; *see also Ramich v. Workers' Compensation Appeal Board (Schatz Electric, Inc.)*, 734 A.2d 39 (Pa.Cmwlth.1999), *rev'd*, 564 Pa. 656, 770 A.2d 318 (2001). Indeed, an examination of the section at issue reveals that the legislature has provided for the surviving spouse of a deceased employee to be compensated first, with the dependent children of the decedent serving to increase the amount of benefits paid to that spouse. *See Custer v. Reitz Coal Co.*, 174 Pa.Super. 595, 101 A.2d 433, 434 (1953) (addressing section 307 of the Act, the court stated, "The enumeration in the Act of those entitled as claimants is to a great extent for the purpose of establishing priority of right.")

█ Essentially, Claimant here asks this court to disregard existing case law interpreting section 307 of the Act to afford priority to a surviving spouse,[13] in order to reach what Claimant views as a more just result. We understand Claimant's frustration. Although the fact pattern presented does not seem particularly extraordinary in these times, and despite the many amendments to the Act since its enactment in 1915, section 307 appears to make no provision for a situation where a decedent is survived by a spouse and minor child who are not related and do not live together.[14] Seemingly, the legislature

---

12. Although the matter has not been addressed recently, we disagree that this truly is a case of first impression. Indeed, the issue considered long ago in *Cole v. Keystone Public Service Co.*, 128 Pa.Super. 489, 194 A. 237 (1937), is precisely the same as that presented by Claimant here. In *Cole*, the sole question before the court involved the division of compensation payable under the provisions of section 307 of the Act as between the widow of the decedent and the decedent's son by a former marriage who lived with his grandmother. Interestingly, the arguments made on behalf of the son in *Cole* duplicate those made here by Claimant, and the result reached in *Cole*, which was affirmed by the court, is identical to the one provided by the WCJ and WCAB in this case.

13. *See e.g. Westinghouse Elevator Co. v. Workmen's Compensation Appeal Board (Lynch Kivlen, Lynch Jr.)*, 137 Pa.Cmwlth.293, 585 A.2d 1157 (1991). In *Westinghouse Elevator*, this court upheld the dismissal of the decedent's ex-wife's claim petition for survivors' benefits on behalf of the decedent's two minor children. Based on the clear legislative intent manifested in the language of section 307 of the Act, the court reasoned that the decedent's children of a prior marriage were denied benefits because the benefits allocable to the widow constituted the maximum amount of compensation allowable under section 307 of the Act and, thus, left nothing for them. *Id.* Here too, Decedent is survived by an eligible Widow, and, although Claimant's presence serves to increase the amount of survivors' benefits from fifty-one percent to sixty percent of Decedent's average weekly wage, it does not affect Widow's right to the entire amount provided for her in the statute.

14. Indeed, in affirming the payment of nine percent of Decedent's average weekly wage *to Claimant*, it appears that the WCJ and the WCAB apply section 307(3) of the Act in a way that is not specifically contemplated by the language of that section, which calls for compensation to be distributed *to the widow or widower*. *But see Cole* (stating that where-

fails to recognize the changes to Pennsylvania divorce law[15] that make divorce a more realistic and, thus, more frequently sought, option for couples; a situation that, in turn, makes family arrangements once thought unique almost commonplace.

 Under the current language of section 307, children have no right to recover compensation on their own when an eligible widow exists. *Anderson.* Moreover, an eligible widow is entitled to at least fifty-one percent of a decedent's average weekly wage, so long as that amount does not exceed the statewide average weekly wage. 77 P.S. § 516. Therefore, Claimant's argument that he is entitled to half of what Widow is entitled to receive, or thirty per cent of the compensation, must fail. The determination that Claimant is entitled only to nine percent of Decedent's average weekly wage is in accordance with the evidence in the record, section 307 of the Act, and the relevant case law. In short, the statute is clear and mandates denial of Claimant's review petition.

We would be remiss, however, if we did not point out that, under certain circumstances, such as those presented here, application of section 307 of the Act will result in inequitable treatment for dependents of a deceased employee. Indeed, we can easily envision a variety of situations where adherence to the distribution scheme devised by the legislature will lead to outcomes even more troublesome than the one we consider today. Although we recognize that such inequities are a matter for the legislature, not this court, to cure, we appreciate that facts such as these

create a legislative imperative to do just that.

Reluctantly, we affirm.

### ORDER

AND NOW, this 15th day of May, 2001, the order of the Workers' Compensation Appeal Board, dated May 3, 2000, is hereby affirmed.

---

as, ordinarily, supplemental amounts for children under section 307 were to be paid to the widow on the assumption that any children would be living with and maintained by her, the Act met the contingency of a child living and being maintained elsewhere by authorizing the WCAB to direct payment of the additional percentage to the child's guardian).

**15.** *See generally* Act of April 2, 1980, P.L. 63, *as amended,* 23 Pa.C.S.A. §§ 3101–3707.